IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHILLIP M. SMITH,

Plaintiff,

v.

CENTURION OF DELAWARE, LLC,

Defendant.

C.A. No. 21-680 (GBW)

**MEMORANDUM ORDER**

At Wilmington this 10th day of February, 2023, having considered Plaintiff's request for appointed counsel (D.I. 12), and Defendant's motion to dismiss (D.I. 13);

IT IS HEREBY ORDERED that: (1) Plaintiff's request for appointed counsel (D.I. 12) is **DENIED** without prejudice to renew, and (2) Defendant's motion to dismiss (D.I. 13) is **DENIED**.

**Motion to Dismiss.** Plaintiff Phillip M. Smith proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). On March 1, 2022, the Court screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b), and entered a service order. (D.I. 8).

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, denies the motion.

**Request for Counsel.** Plaintiff requests counsel on the grounds that he is unable to afford counsel, he has been unsuccessful in attempts to obtain counsel, his imprisonment greatly limits his ability to litigate the case, the issues involved are complex, he has limited access to the law library and limited legal knowledge, and counsel will be better suited to present evidence and cross examine witnesses.

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time. Based on a review of the Complaint and Plaintiff's response to the motion to dismiss, the Court concludes that the case is not complex, and that Plaintiff appears to have the ability to present his claims. In addition, this case is still in its early stages.

The Honorable Gregory B. Williams
United States District Judge